CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 1 2 2017
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS D. HOWARD, | ) |
| Plaintiff, | ) Civil Action No. 7:17cv00280 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| GILES COUNTY D.S.S., | ) Chief United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Douglas D. Howard filed the instant complaint against the Giles County D.S.S.,[1] seeking leave to proceed in forma pauperis. Because he appears to be indigent, the court will **GRANT** Howard's motion to proceed in forma pauperis. However, after reviewing the complaint, the court will **DISMISS** this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 1915(e)(2)(B), district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In his complaint, Howard takes issue with D.S.S.'s decision to leave his three children in the care of their mother, which he claims has happened every time he has gone to court since 2010. Compl., ECF No. 2. Howard asks the court to award him custody of his children, "that the people that work for D.S.S. resign from their position," and he wants $10 million.

---

[1] Howard references in the style of his complaint an individual named Amy Woodruf, whom the court presumes works for Giles County D.S.S., but he does not set forth any specific allegations against her. ECF No. 2.

1

The court is mindful of its obligation to construe pro se filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, this liberal construction requirement does not mean the court can ignore a clear failure to allege facts setting forth a cognizable claim. See Weller v. Dep't of Soc. Serv., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may be properly addressed."). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see generally id. at 684-87 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Here, Howard asserts no basis for this federal court's jurisdiction over this matter.[2] See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (internal citations omitted)); see also Fed. R. Civ. P. 8(a) (a pleading that state a claim for relief must contain a short a plain statement of the grounds for the court's jurisdiction). The face of the complaint alleges no constitutional violation or violation of federal statute that would give rise to federal question jurisdiction under 28 U.S.C. § 1331. Nor are the few facts alleged suggestive of any other viable claim for relief, to the extent diversity jurisdiction may be inferred under § 1332.

---

[2] The civil cover sheet that accompanies Howard's complaint cites the basis for jurisdiction as "U.S. Government, plaintiff." ECF No. 2-1. Plainly, the U.S. Government is not a party to this case.

2

At base, Howard's dispute appears to be with an unnamed state court's custody ruling rather than with the Giles County D.S.S. Such a claim would be barred by the Rooker-Feldman doctrine, which provides that a court may not entertain a complaint where "the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment[.]" Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291 (2005); see also Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

Moreover, to the extent Howard's complaint could be construed as stating a viable claim for relief against the Giles County D.S.S., courts in this district have found that local social services boards and their departments are arms of the state under Virginia law and are therefore shielded from liability by the Eleventh Amendment. See Bell v. Charlottesville Dep't of Child Protective Servs., No. 3:15CV00031, 2015 WL 5316769 (W.D. Va. Sept. 11, 2015); Kincaid v. Anderson, No. 1:14CV00027, 2015 WL 3546066 (W.D. Va. June 8, 2015); Nelson v. Herrick, No. 3:11cv00014, 2011 WL 5075649 (W.D. Va. Oct. 26, 2011); Doe v. Mullins, No. 2:10cv00017, 2010 WL 2950385 (W.D. Va. July 22, 2010): see also Perry v. Carter, No. CIVA297-CV-893, 1998 WL 1745365 (E.D. Va. July 27, 1998).

Because Howard's complaint fails to state a claim upon which relief can be granted and/or seeks monetary relief from a defendant that is immune from suit, the court will dismiss his case pursuant to 28 U.S.C. § 1915(e)(2)(B). An appropriate Order will be entered.

Entered: 07-12-2017

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge